FILED
SCRANTON

SEP 17 2013

PER_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRINGTON KEYS, Plaintiff | |
| v. | CIVIL NO. 3:13-CV-1917 |
| ADAM HUBER, ET AL., Defendants | (JUDGE NEALON) (MAGISTRATE JUDGE BLEWITT) |

## MEMORANDUM

On July 12, 2013, Plaintiff, Carrington Keys, an inmate formerly incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill")[1] filed the above-captioned action pursuant to 42 U.S.C. § 1983 against several prison officials at SCI-Camp Hill. (Doc. 1). The complaint alleges that in 2011 and 2012, Defendants took and destroyed Plaintiff's personal property, including legal materials and religious books, in violation of the First, Fourth, and Fourteenth Amendments. (Id.). Plaintiff also claims that he was denied the ability to use the prison's grievance process. (Id.). On August 21, 2013, Plaintiff filed a motion for leave to proceed in forma pauperis. (Doc. 4). On August 23, 2013, Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation ("R&R") recommending that the action be dismissed pursuant to the three-strikes rule of 28 U.S.C. §1915(g). (Doc. 7). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard.

---

[1] Plaintiff is currently confined at the Retreat State Correctional Institution in Hunlock Creek, Pennsylvania.

Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Discussion**

After review, no error is discerned from the R&R and it will be adopted. In the R&R, Magistrate Judge Blewitt explains the screening requirements and the three strikes rule of the Prison Litigation Reform Act of 1995 when a prisoner wishes to proceed in forma pauperis. (Doc. 7) (citing 28 U.S.C. § 1915). Specifically, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Magistrate Judge finds that at least three of Plaintiff's prior cases were dismissed as frivolous or malicious or for failure to state a claim. (Doc. 7), citing Keys v. Commonwealth of

2

Pennsylvania et al., 3:10-cv-2487 (M.D. Pa. February 25, 2011) (Nealon, J.); <u>Keys v. Beard et al.</u>, 3:07-cv-1034 (M.D. Pa. September 4, 2007) (Nealon, J.); <u>Keys v. Commonwealth of Pennsylvania Department of Corrections et al.</u>, 3:07-cv-338 (M.D. Pa. August 24, 2007) (Nealon, J.); <u>Keys v. Kelchner et al.</u>, 3:06-cv-260 (M.D. Pa. April 25, 2006) (Nealon, J.). Magistrate Judge Blewitt determines that the imminent danger exception does not apply. (Doc. 7), <u>citing</u> <u>Aquino v. Saudi</u>, 2005 U.S. Dist. LEXIS 25413, *2 (M.D. Pa. 2005) (Vanaskie, J.) (holding that the "imminent danger exception to § 1915(g)'s three strikes rule is available for genuine emergencies, where time is pressing and a threat ... is real and proximate") (internal quotations omitted).

Moreover, Magistrate Judge Blewitt concludes that "Plaintiff has failed to state a due process claim regarding the confiscation of his property and the misplacement of his property since he has adequate state court remedies to seek the return of his [property]." (Doc. 7). To the extent "Plaintiff claims his constitutional rights were violated when he was allegedly prevented from fully utilizing the DOC administrative remedy process," the Magistrate Judge decides that Plaintiff fails to state a cognizable claim because inmates do not have a constitutionally-protected right to a prison grievance system. (Doc. 7) (citing <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 137-38 (1977)).

Finding no error in the R&R, it will be adopted. This action will be dismissed without prejudice to Plaintiff's right to re-file his complaint upon payment of the full filing fee.

A separate Order will be issued.

DATE: September 17, 2013

**United States District Judge**